## COMMON PLEAS
## No. 502
## STANTON v. LEVINE

Cuyahoga Common Pleas
No. 206236. Decided Oct. 10, 1923

This case is one of eight similar ones, pending in Supreme Court. See page 500, this Abstract.

677. JUDGMENTS—Where one court has

## STATE COURT OF APPEALS—Continued

passed upon the issues in a case another court of concurrent jurisdiction will not interfere as the matter is res adjudicata.

THOMAS, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

The Prosecutor of Cuyahoga County, Edward Stanton, brought an action to recover money which Judge Levine of Cuyahoga Common Pleas had received from the county as increase in salary. The defendant received this increase from May 20, 1920, to Jan. 1, 1921. The defendant by way of answer set up a former suit brought by him against the County Auditor to compel the Auditor to pay him this money and that at the hearing of said case Judge Critchfield of the Common Pleas held that he was entitled to said increase and awarded him the same. The defendant also set up that no appeal was ever taken from this order and that the same was res adjudicata. A demurrer was filed to this answer. In overruling the demurrer, the Appeals Court held:

1. While the court does not agree with the judgment in the former case, yet as the issues presented there were the same, the judgment there became res adjudicata.

Attorneys—See Baer v. State, ante, pg. 503.

## SUPREME COURT

(Continued from Page 500)

2. In holding that Hosack had no right to mortgage the automobile when it was not in his actual possession but in his constructive possession.

3. In holding that the Jakab Co. took title to the automobile notwithstanding the violation of the Statute of Frauds.

4. In holding that the title and interest in the Jakab Co. was superior to that of the mortgagee to the full value of the automobile, although the Jakab Co. had failed to pay the full purchase price thereof.

Attorneys—Wm. H. Chapmon and E. J. Cherney, for Flowers; Quigley & Byrnes, for Jakab Co.; all of Cleveland.

# CODE NOTES

## TITLE I—PRELIMINARY

### CHAP. 1—GENERAL PROVISIONS

Sec. 26—Effect of amendment or repeal on pending actions.

Application for compensation filed with Industrial Commission prior to Aug. 16, 1921, is a proceeding within this section. Indus. Com. v. Vail, 109 OS. 2 Abs. 439.

## TITLE III—EXECUTIVE

### DIV. I—ELECTIVE STATE OFFICERS

#### CHAP. 1. GOVERNOR

INDUSTRIAL RELATIONS DEPARTMENT

Secs. 154-1 to 154-8.

Director of Industrial Relations Department has full control over Factory Inspector. Schwartz v. Carlisle Twp. Bd. of Ed., OA. 2 Abs. 92.

#### CHAP. 3. AUDITOR OF STATE

Sec. 286. Action to recover misappropriated funds.

Excess of advertising rates illegally paid may be recovered back—90 day provision no bar, OS. Cleveland v. Legal News. 2 Abs. 357.

### DIV. II—APPOINTIVE STATE OFFICERS

#### CHAP. 1—PUBLIC SERVICE COMMISSION

Sec. 486-2—Method of appointment.

Suspension or removal of employes in classified service under Civil Service Act. State ex v. Witter, 110 OS. 130. 2 Abs. 439.

Sec. 486-17a. Tenure of office—Removals.

Appeal does not lie to action of appointing authority except on a statutory grounds. Curtis v. State, OS. 2 Abs. 9.

### PUBLIC UTILITIES COMMISSION

Sec. 499-9, 499-13. Facts—has authority to ascertain and report in valuation of property.

Discretion of commission in valuation of public utility properties. Lindsey v. P. U. C., 110 OS. 2 Abs. 423.

Sec. 504-2, 3—Abandonment of tracks, etc., forfeiture.

Do not apply to corporations not qualified as a public utility. S. O. Power Co. v. P. U. C.,110 OS. 214; 2 Abs. 308.

Sec. 614-2.—Definitions.

Statement of when it will not be presumed that private property is dedicated to public utility purposes. S. O. Power Co. v. P. U. C., 110 OS. 214; 2 Abs. 308.

Sec. 614-90. Certificates of public convenience.

Commission may determine adequacy of present service and result of that tendered by applicant. McLain v. P. U. C., OS. 2 Abs. 245.

#### CHAP. 18—STATE HIGHWAY COMMISSIONER

Sec. 1189. Interstate, etc., Highways—Notice of changes.

Publication of notice of change proposed in portion of a main highway market need be published only in counties within which change is to be made.

#### CHAP. 12. CHIEF INSPECTOR OF WORKSHOPS AND FACTORIES

Sec. 1035. Approval of Plans.

Approval of plans for school buildings by municipal inspection department upheld. Niehaus v. State ex, 110 OS. 2 Abs. 423.

Sec. 1214. How cost and expense apportioned —Notice of.

If assessment completed, notice may be extended to include owners not served. Maxfield v. Brooks, 109 OS.; 2 Abs. 116, 151.

#### STATE LIQUOR LICENSE BOARD

Secs. 1261-16 to 19 and 25. Appointment, Term, etc.

Meetings, members and quorum of district advisory council defined. Members, meetings and quorum of district advisory board of health defined. Health Board, In re. 2 Abs. 348.

#### CHAP. 28b. STATE LIABILITY BOARD INDUSTRIAL COMMISSION

Sec. 1465. Powers and jurisdiction of board continuing.

Mandamus will not lie to compel commission to change its award from loss of a hand to loss